IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2005 DEC 21  A 11: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

GREAT AMERICAN INSURANCE )
COMPANY, a corporation, )
                               )
    Plaintiff, )    Case No.: 1: 05CV1513-CSC
                                 )
vs. )
                                 )
TOWN OF COTTONWOOD, )
a municipal corporation, )
                                 )
    Defendant. )

## COMPLAINT

### Jurisdiction and Venue.

1.    Plaintiff **GREAT AMERICAN INSURANCE COMPANY (GAIC)** is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio. Defendant TOWN OF COTTONWOOD is a municipal corporation located in this judicial district. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction exists pursuant to 28 U.S.C. §1332 by virtue of the complete diversity of citizenship which exists between the plaintiff and the defendant. The venue of this action is proper in the Southern division of this Court.

### Facts.

2.    The Town of Cottonwood contracted with Weed Contracting Company to install certain improvements to its water distribution system. At the request of Weed

Contracting, GAIC issued performance and payment bonds, which are governed by the *Alabama Public Works Act*, Code Ala. §39-1-1, *et seq.* (1975).

3.    Weed Contracting defaulted in the performance of its contract, and GAIC was requested by the Town of Cottonwood to take over and complete the bonded project.

4.    GAIC has honored its obligations under the performance bond by arranging for the completion of the bonded project. All work has been completed and accepted by the Town of Cottonwood.

5.    Upon receipt of notification concerning Weed's default, GAIC requested that no further payments from the contract balance be released by the Town of Cottonwood. To the best of GAIC's knowledge and belief, a contract balance in the amount of $172,806.22 remains in the possession of the Town of Cottonwood.

6.    Additionally, GAIC has received claims from unpaid subcontractors and suppliers to this project, and has incurred losses under its payment bond. Among the payment bond claimants was Hughes Supply, which furnished PVC pipe, hydrants, and gate valves to Weed for use and incorporation to the project. Certain materials furnished by Hughes Supply, which were paid for by GAIC, were not incorporated into the project. The Town of Cottonwood has refused to allow GAIC to retrieve and secure these materials, thereby denying GAIC the use, benefit and value of the materials to GAIC's detriment.

7.    Subsequent to its default in the performance of the Town of Cottonwood project, Weed Contracting commenced a bankruptcy case in the U. S. Bankruptcy Court for the Middle District of Alabama, wherein GAIC's claims to the contract balances and

2

retainages in the possession of the Town of Cottonwood, and several other contract balances in the possession of other governmental entities, was the subject of a disputed claim asserted by Weed Contracting's Bankruptcy Trustee. As a result of the claim asserted by the Trustee, the Town of Cottonwood has been provided with voluminous correspondence and communications from the Bankruptcy Court, and from GAIC and the Trustee concerning the calculation of the Town of Cottonwood contract balance, and GAIC's claim to said balance. At no time has the Town of Cottonwood ever disputed the amount of funds in its possession identifiable to the Weed Contracting project. Additionally, the Town of Cottonwood has been informed of a settlement agreement between GAIC and the Trustee pursuant to which the Trustee has abandoned any and all claims to the contract balances in the Town's possession.

8.    Having discharged its obligations under the bond, and having incurred losses substantially in excess of the remaining balance, GAIC is the legal and equitable owner of all remaining contract balances, and is entitled to the return of the construction materials remaining in the Town of Cottonwood's possession. GAIC has requested that the Town of Cottonwood pay the remaining contract balances and to release the construction materials and the Town of Cottonwood has thus far refused to do so.

## COUNT ONE

### Breach of Contract.

9.    GAIC adopts and re-alleges all averments of Paragraphs 1 through 7 of the Complaint as if set forth in full herein.

3

{B0553115}

10.    By virtue of the foregoing facts and circumstances, the Town of Cottonwood has breached its express and implied contractual obligations to Great American by failing and refusing to release the remaining contract balances to the surety. By virtue of the Town of Cottonwood's breach, GAIC has been deprived of the use of the funds to its detriment.

**WHEREFORE, PREMISES CONSIDERED**, GAIC demands judgment against the Town of Cottonwood in the amount of ONE HUNDRED SEVENTY TWO THOUSAND EIGHT HUNDRED SIX & 22/100 DOLLARS ($172,806.22), plus pre-judgment interest, costs, and all other expenses to which GAIC is entitled.

### COUNT TWO

### Conversion.

11.    GAIC adopts and re-alleges all averments of Paragraphs 1 through 9 of the Complaint as if set forth in full herein.

12.    By refusing to allow GAIC to retrieve the construction materials which were paid for by GAIC pursuant to the payment bond obligation, the Town of Cottonwood has wrongfully converted said materials to its use and benefit, without justification or excuse.  By virtue of the Town of Cottonwood conversion of said materials, GAIC has suffered increased loss, cost and expense in addition to its payments under the performance and payment bonds.

**WHEREFORE, PREMISES CONSIDERED,** GAIC demands judgment against the Town of Cottonwood in an amount equal to the actual value at the time of conversion

4

{B0553115}

of the construction materials by the Town of Cottonwood to its use, together with all interest permitted by law, and all costs of this action.

## COUNT THREE

### Declaratory Judgment.

13.    GAIC adopts and re-alleges all averments of Paragraphs 1 through 11 of the Complaint as if set forth in full herein.

14.    By virtue of the foregoing facts and circumstances, there currently exists a controversy justifiable by this Court in exercise of its equity jurisdiction, as to GAIC's claim for the remaining contract balances and unused construction materials.  GAIC has fully performed and discharged its obligations under the performance and payment bonds, and is entitled to a declaration of its rights and remedies with respect to the contract balances and construction materials.  By virtue of the filing and prosecution of a claim by Weed's Bankruptcy Trustee and the Town of Cottonwood's knowledge and notice with respect to said claim and its disposition, the Town is estopped to contest GAIC's entitlement to the funds in their entirety. Accordingly, GAIC requests this Court will assume jurisdiction over this cause and upon a full consideration of all relevant evidence, adjudicate and declare the respective rights of the parties with respect to the remaining contract funds and the construction materials remaining in the Town of Cottonwood's possession, and will provide for the immediate payment of said funds and delivery of said materials by the Town of Cottonwood to GAIC, and shall further provide all other equitable relief, including an award of interest and attorneys' fees, as may be deemed appropriate by the Court in the premises.

{B0553115}

## COUNT FOUR

### Unjust Enrichment.

15.     Pursuant to its obligations under the performance and payment bonds, GAIC has performed and discharged its duties to the Town of Cottonwood and to various labor and material suppliers to the project.  But for GAIC's performance, the Town of Cottonwood would be responsible for payment for completion of the project and for amounts unpaid by Weed Contracting to labor and material suppliers to the project.  The Town of Cottonwood would be unfairly and unjustly enriched were it to be allowed to withhold the contract balances, remaining construction materials, retainages, and interest thereon from the surety.  To avoid unjust enrichment, the Court should order the Town to immediately convey and restore the contract balances, retainages, unused construction materials, and all interest accumulated thereon to GAIC without further delay.

**WHEREFORE, PREMISES CONSIDERED**, GAIC requests that the Court direct pursuant to its equity powers that the Town of Cottonwood convey the money and actual value of materials in its control and possession to GAIC, together with such further and different relief as may be appropriate to achieve equity in this matter.

L. Graves Stiff, III
Brian A. Dodd
W. Drake Blackmon
Attorneys for Plaintiff
Great American Insurance Company

{B0553115}

OF COUNSEL:

STARNES & ATCHISON, LLP
 Seventh Floor, 100 Brookwood Place
 Post Office Box 598512
 Birmingham, Alabama 35259-8512
 (205) 868-6000

PLAINTIFF'S ADDRESS:
Post Office Box 2119
Cincinnati, Ohio  45201

## **SERVE DEFENDANT VIA CERTIFIED MAIL:**

Mayor Lomax Smith
Town of Cottonwood
c/o Mr. Gary C. Sherrer
JACKSON, RHODES, SHERRER & TERRY, P.C.
Post Office Box 7122
Dothan, Alabama  36302

{B0553115}