IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 1:05cv1213-CSC<br>)<br>) |
| TOWN OF COTTONWOOD, | ) JURY TRIAL DEMANDED<br>) |
| Defendant. | ) |

## ANSWER

Comes now the Defendant in the above-styled cause, and for Answer to Plaintiffs' Complaint as heretofore filed states as follows:

1. Defendant admits that it is a municipal corporation located in this court's judicial district. With regard to the remainder of paragraph 1 of plaintiff's complaint, defendant asserts that it is without knowledge or information sufficient to form a belief as to the truth of same and as a result denies same.

2. The allegations contained in paragraph 2, are admitted.

3. The allegations contained in paragraph 3, are admitted.

4. The allegations contained in paragraph 4, are denied.

5. The allegations contained in paragraph 5, are denied.

6. The allegations contained in paragraph 6, are denied.

7. The allegations contained in paragraph 7, are denied.

8. The allegations contained in paragraph 8, are denied.

9. Defendant adopts its responses to the previous allegations as they are adopted and re-alleged by plaintiff in paragraph 9 of its complaint.

10. The allegations contained in paragraph 10, are denied.

11. Defendant adopts its responses to the previous allegations as they are adopted and re-alleged by plaintiff in paragraph 11 of its complaint.

12. The allegations contained in paragraph 12, are denied.

13. Defendant adopts its responses to the previous allegations as they are adopted and re-alleged by plaintiff in paragraph 13 of its complaint.

14. The allegations contained in paragraph 14, are denied.

15. The allegations contained in paragraph 12, are denied.

16. The allegations contained in paragraph 12, are denied.

17. Defendant denies that the plaintiff is entitled to any relief requested in its complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### First Defense

18. Plaintiffs' claims, separately and severally, fail to state a cause of action upon which relief may be granted.

### Second Defense

19. Any allegations of Plaintiffs' Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### Third Defense

20. Defendant asserts the affirmative defense of latches.

### Fourth Defense

21. Defendant denies that it breached any duty or obligation owed to the plaintiff.

### Fifth Defense

22. Should plaintiff's claims be deemed to include claim(s) for punitive damages, said claim(s) for punitive damages are barred by the provisions of Alabama Code (1975) §6-11-20, 6-11-21, and 6-11-27.

### Sixth Defense

23. Defendant assert the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

### Seventh Defense

24. Plaintiffs' injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom Defendant had no control or right of control.

### Eighth Defense

25. Defendant asserts the affirmative defense of estoppel.

### Ninth Defense

26. There is no causal relation between the acts of the defendant and any injury or damage

allegedly suffered by the Plaintiffs.

### Tenth Defense

27.  Plaintiffs are not entitled to any relief requested in the Complaint.

### Eleventh Defense

28.  Said Defendant asserts and pleads sovereign immunity provided by Alabama Constitution 1901, §14.

### Twelfth Defense

29.  Defendant asserts that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

### Thirteenth Defense

30.  The plaintiff has not complied with all requirements under Alabama law necessary as a condition precedent to the maintenance of this lawsuit.

### Fourteenth Defense

31.  Defendant pleads the applicable statutes of limitation.

### Fifteenth Defense

32.  Defendant reserves the right to show that the Plaintiff has and continues to have the opportunity to mitigate the damages alleged, and has failed and refuses to do so.

### Sixteenth Defense

33.  Defendant alleges that any injury or damages suffered by the Plaintiff were the result of an independent intervening cause and not the result of any alleged actions or omissions by Defendant.

### Seventeenth Defense

34. The doctrines of collateral estoppel and res judicata bare the Plaintiff's recovery.

### Eighteenth Defense

35. The Plaintiff is barred from recovery under the doctrine of unclean hands.

### Nineteenth Defense

36. All decisions and actions taken by the Defendant affecting the Plaintiff were work related for the purpose in question and consistent with business necessity.

### Twentieth Defense

37. Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own conduct, and any damages, which Plaintiff has allegedly sustained, would have been sustained regardless of any act or omission of the Defendant.

### Twenty-First Defense

38. Defendant is subject the Competitive Bid Law of the State of Alabama. Ala. Code § 41-16-50, et seq. (2000).

### Twenty-Second Defense

39. Defendant is subject to the Alabama Public Works Law which controls all public works contracts that exceed $50,000 and requires that such contracts be competitively bid. Ala. Code §§ 39-1-1, et seq. (2000).

### Twenty-Third Defense

40. The contract and all labor and material made the basis of the Plaintiff's complaint in this case is subject to the Alabama Public Works Law. The contract made the basis of the plaintiff's complaint was bid and was awarded based upon and in compliance with the Alabama Public Works

Law. Ala. Code §§ 39-1-1, et seq. (2000).

### Twenty-Fourth Defense

41. Ala. Code § 39-2-1(1) defines "Awarding Authority" as:

> *Any governmental board, commission, agency, body, authority, instrumentality, department, or subdivision of the state, its counties and municipalities. This term includes, but shall not be limited to . . . . any other entity contracting for public works.*

### Twenty-Fifth Defense

42. Ala. Code § 39-2-1(5) defines "Public Works" as:

> *The construction, repair, renovation, or maintenance of public buildings, structures, sewers, waterworks, roads, bridges, docks, underpasses, and viaducts as well as any other improvement to be constructed, repaired, renovated, or maintained on public property . . . .*

### Twenty-Sixth Defense

43. Defendant pleads the terms, conditions and any defenses contained within the public works contract made the basis of this lawsuit and any validly adopted and approved amendments thereto.

### Twenty-Seventh Defense

44. There is no causal relation between the acts of the Defendant and any injury or damage allegedly suffered by the Plaintiff.

### Twenty-Eighth Defense

45. Said public works project is now the basis of all of the claims made and allegations asserted by the plaintiff in the above styled lawsuit.

### Twenty-Ninth Defense

46. Defendant asserts the affirmative defense of the assumption of the risk by Plaintiff.

### Thirtieth Defense

47.     Defendant asserts the affirmative defense of latches.

### Thirty-First Defense

48.     Defendant asserts the affirmative defense of any other matter constituting an avoidance or affirmative defense.

### Thirty-Second Defense

49.     Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over which Defendant had no control or right of control.

### Thirty-Third Defense

50.     Defendant asserts the affirmative defense of municipal immunity.

### Thirty-Fourth Defense

51.     Notwithstanding the claims sought to be asserted by the plaintiff in this lawsuit, as a matter of law, the provisions of the Alabama Public Works Law are mandatory. Ala. Code § 39-5-6 (2000).

### Thirty-Fifth Defense

52.     Notwithstanding the claims sought to be asserted by the plaintiff in this lawsuit, the Alabama Public Works law mandates that

> *The courts shall not invoke or apply any principle of quantum meruit, estoppel, or any other legal or equitable principle which would allow recovery for work and labor done or materials furnished under any contract let in violation of competitive bidding requirements as prescribed by law.*

Ala. Code § 39-5-6 (2000). For limitations in the monetary amounts and legal requirements and

prerequisites for public works project add-ons and change orders allowed by the Alabama Public Works Law, see generally Alabama Attorney General's Opinions Number 2002-126; Number 2002-182.

### Thirty-Sixth Defense

53. Defendant asserts all contractual claims and all other defenses that the defendant has or had against the original contractor, Weed Contracting Company.

### Thirty-Seventh Defense

54. There is no causal relation between the acts of the defendant and any cost, value or damage allegedly incurred or suffered by the Plaintiff.

### Thirty-Eighth Defense

55. Defendant asserts the affirmative defense of accord and satisfaction.

### Thirty-Ninth Defense

56. Defendant asserts the affirmative defense of payment which constitutes an avoidance or affirmative defense in this action.

### Fortieth Defense

57. Defendant denies that they breached any duty or obligation owed to the plaintiff.

### Forty-First Defense

58. Defendant asserts the affirmative defense of failure of consideration.

### Forty-Second Defense

59. Defendant asserts the affirmative defense of illegality.

### Forty-Third Defense

60. Defendant asserts the affirmative defense of statute of frauds.

### Forty-Fourth Defense

61.    Defendant asserts the affirmative defense of the factual lack of jurisdiction.

### Forty-Fifth Defense

62.    Defendant asserts the affirmative defense of discharge of contractual obligation.

### Forty-Sixth Defense

63.    Defendant asserts the affirmative defense of estoppel by fraud.

### Forty-Seventh Defense

64.    Defendant asserts the affirmative defense of good faith.

### Forty-Eighth Defense

65.    Defendant asserts the affirmative defense of hindrance of contract.

### Forty-Ninth Defense

66.    Defendant asserts the affirmative defense of immunity.

### Fiftieth Defense

67.    Defendant asserts the affirmative defense of lack of authority.

### Fifty-First Defense

68.    Defendant asserts the affirmative defense of mitigation of damages.

### Fifty-Second Defense

69.    Defendant asserts the affirmative defense of setoff.

### Fifty-Third Defense

70.    Defendant asserts the affirmative defense of the failure of plaintiff to comply with applicable statutes.

### Fifty-Fourth Defense

71.    Defendant asserts the affirmative defense of truth.

### Fifty-Fifth Defense

72.    Defendant asserts the affirmative defense of unclean hands.

### Fifty-Sixth Defense

73.    Defendant further reserve the right to plead any other affirmative or other defenses which are not now known to the undersigned but which after further investigation or discovery may be appropriate.

### COUNTER CLAIMS

By agreement of the parties as expressed to the Court during the telephone status conference with the court on August 4, 2006, the defendant has reserved by agreement of the plaintiff the right to assert and plead its counterclaims, whether compulsory or permissive, until a later date after the parties have made and exhausted all good faith efforts to meet and try to reach a settlement agreement in this case.

### JURY DEMAND

DEFENDANT HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF AND CLAIMS MADE IN THIS CAUSE AS PROVIDED BY LAW.

Respectfully submitted,

s/Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE TOWN OF COTTONWOOD
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama 36302
(334) 678-0100

## CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that on this 7TH day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Luther Graves Stiff, III, Esq.        William Drake Blackmon, Esq.
        STARNES & ATCHISON, LLP        STARNES & ATCHISON, LLP
        100 Brookwood Place, 7th Floor        100 Brookwood Place, 7th Floor
        Birmingham, Alabama 35209        Birmingham, Alabama 35209

        Brian Alan Dodd, Esq.
        STARNES & ATCHISON, LLP
        100 Brookwood Place, 7th Floor
        Birmingham, Alabama 35209

                              **s/Gary C. Sherrer**
                              OF COUNSEL